# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **MICHAEL SAMUEL**<br>michael@samuelandstein.com | March 12, 2020 | ADMITTED IN<br>NY |

**Via ECF**

Hon. George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: Jesus Garcia Gonzalez, et al v.*
*Eftihia Restaurant Inc., d/b/a Tom's Restaurant, Michael Zoulis*
Case No. 1:18-cv-10493 (GBD)

Dear Judge Daniels:

We represent Plaintiffs in the above-captioned matter and submit this letter to the Court with the approval of Brian J. Clark, Esq. and Benjamin E. Stockman, Esq. of Venable LLP, counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is provided herewith.

Background

Plaintiffs have been employed by Defendant Eftihia Restaurant Inc., d/b/a/ Tom's Restaurant, and Michael Zoulis, as busboys or grillmen, from approximately January 1998 to the present. Named Plaintiff Jesus Garcia Gonzalez commenced this action on November 12, 2018 by filing a Complaint against Defendants alleging, *inter alia*, failure to pay minimum wage, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), violations of New York's "Spread of Hours" requirements, and claims under the NYLL for failure to provide wage notice and wage statements, and liquidated damages. "Opt-in" plaintiffs Emiliano Garcia, Marciano Garcia and Fransisco Flores filed forms on or about April 11, 2019 and April 17, 2019 respectively, indicating their consent to become plaintiffs in the Action.

In the complaint, Plaintiffs allege that Defendants failed to pay minimum wage, failed to compensate them for hours worked over 40 in the workweek, and failed to comply with New York's spread of hours compensation requirements. Additionally, Plaintiffs asserted that Defendants failed to provide them with the notices or weekly wage statements required by the NYLL. Defendants deny all the allegations made in the Complaint. The settlement agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

## Settlement Agreement

The parties engaged in substantial settlement negotiations and discovery, which included the exchange of documents such as the copies of Plaintiffs' paychecks, Defendants' corporate tax returns, and the deposition of the Named Plaintiff. The parties also engaged in a private mediation.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Two-Hundred Thirty Thousand Dollars ($230,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount is less than Plaintiffs' maximum possible recovery of approximately $600,000, we believe this to be a fair resolution of this matter.

By settling now, Plaintiffs ensure that they will get a significant portion of what they could potentially recover, including the money they are entitled to under New York's Wage Theft Prevention Act, and they do so without having to wait through additional months of likely fruitless discovery, then having to face the uncertainty of trial. Further, by settling now Plaintiffs avoid the risk that Defendants will be unable to satisfy a larger judgment, a possibility that appears reasonably likely in view of the financial information provided by Defendants in discovery.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist.

LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiffs suggest that they weigh strongly in favor of settlement approval.

The settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in substantial document exchange they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiffs might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and they exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights.

Although Plaintiffs are still employed by Defendants, there is little likelihood that Plaintiffs' circumstances will recur, as Defendants have implemented a time clock and sign-in sheet system for restaurant employees. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

### Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiffs, we will retain 1/3 of the settlement (i.e., a total of **$76.666.64**) as attorneys' fees. We will waive our right to reimbursement for filing and service costs.

In total, Plaintiffs' counsel expended 84.2 hours in representation of Plaintiffs, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of Samuel

& Stein. I have been admitted and practiced law in the state of New York since 1993, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in well over 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $450. I believe this hourly rate to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached is a record of all time spent by Plaintiffs' counsel on this matter.

We have a standard retainer agreement with Plaintiffs that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

### Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiffs' claims, and the confidentiality provision provides an express carve-out to enable Plaintiffs to make truthful statements regarding the litigation.

### Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

*/s/ Michael Samuel*
Michael Samuel, Esq.

Enc.

cc. Brian J. Clark, Esq. (by ECF)
cc. Benjamin E. Stockman, Esq. (by ECF)